11-4781
Davis v. Peake

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                        **Chief Judge**,
             RALPH K. WINTER,
                        **Circuit Judge**,
             LAURA TAYLOR SWAIN,
                        **District Judge**.*

- - - - - - - - - - - - - - - - - - - - -X
GEORGE DAVIS,
        **Plaintiff-Appellant**,

        -v.-                                          11-4781

HONORABLE JAMES A. PEAKE, SECRETARY,
UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS,
        **Defendant-Appellee**,
- - - - - - - - - - - - - - - - - - - - -X

---

        * Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                    MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, New York.

**FOR APPELLEE:**                    JOSEPH A. PANTOJA (Benjamin H. Torrance, <u>on the brief</u>), Assistant United States Attorneys, <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Duffy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff George Davis appeals from the judgment of the United States District Court for the Southern District of New York (Duffy, <u>J.</u>), granting summary judgment in favor of Defendant James A. Peake, on behalf of the Department of Veterans Affairs ("VA"), dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews <u>de novo</u> an order granting summary judgment, drawing all factual inferences in favor of the non-moving party. <u>Costello v. City of Burlington</u>, 632 F.3d 41, 45 (2d Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Davis failed to establish a <u>prima facie</u> case of race or age discrimination, under Title VII of the Civil Rights Act of 1964 ("Title VII") or under the Age Discrimination in Employment Act ("ADEA"). <u>See</u> <u>James v. N.Y. Racing Ass'n</u>, 233 F.3d 149, 153-54 (2d Cir. 2000). Critically, Davis could not raise an inference that his race or his age was the reason he was passed over for a job, because he was not similarly situated to those that were ultimately hired (<u>i.e.</u>, they were better qualified). <u>See</u> <u>Shumway v. United Parcel Service, Inc.</u>, 118 F.3d 60, 64 (2d Cir. 1997). The racial makeup of the interviewing panel and alleged

departures from procedure in the hiring process do not suffice to raise an inference of invidious discrimination.

Even if Davis could establish a <u>prima facie</u> case--which he cannot--he utterly fails to show that the nondiscriminatory reasons offered by the VA for passing him over were pretextual.  The Title VII and ADEA discrimination claims fail for that reason as well.  <u>James</u>, 233 F.3d at 154.

Likewise, Davis cannot establish a <u>prima facie</u> case of retaliation under Title VII for want of any causal link between his activity filing Equal Employment Opportunity ("EEO") complaints and the VA's adverse action.  <u>Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons</u>, 842 F.2d 590, 593 (2d Cir. 1988).  Even if Davis could establish a <u>prima facie</u> claim for retaliation, he fails to show that the VA's nonretaliatory reasons for passing him over were pretextual.

For the foregoing reasons, and finding no merit in Davis's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK